[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17186
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A097-939-818,
A097-322-268

YBRAHIN GABRIEL MUNOZ,
NATALIA ANTONIA TORREALBA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 29, 2009)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Petitioners, natives and citizens of Venezuela, petition for review of the

order of removal of the Board of Immigration Appeals and denial of their application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.  We dismiss in part and deny in part.

The petitioners argue that they were entitled to asylum, but we lack jurisdiction to review the finding by the Board that the petitioners' application for asylum was untimely.  See 8 U.S.C. § 1158(a)(3); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007).  We dismiss the petition in part for lack of jurisdiction insofar as it challenges the denial of asylum.

The petitioners also contend that they are entitled to withholding of removal, but the record supports the decision by the Board.  We review the findings of fact by the Board under the "highly deferential substantial evidence test," which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc).  Substantial evidence supports the finding by the Board that the vandalism at a museum where Munoz worked, the armed burglary of his house, and other events on which he based his application, even when considered cumulatively, did not establish a clear probability that Munoz would be persecuted or tortured upon returning to

2

Venezuela.  Munoz failed to prove that the events were anything more than common acts of random violence.  We deny the petition in part insofar as it challenges the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**